UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTOR QUINTEROS MARQUINA,

Plaintiff,

-against-

AUSTIN FASHION WEEK; MATTHEW D.
SWINNEY; HENNING SCHMIDT;
STRADLING YOCCA CARLSON,

Defendants.

1:26-CV-2386 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Victor Quinteros Marquina, of New York, New York, brings this *pro se* action asserting claims for damages and injunctive relief, including claims for immediate injunctive relief. He raises claims of trademark infringement and of "unfair trademark/competition under the Lanham Act." (ECF 1, at 2.) Plaintiff names as defendants: (1) Austin Fashion Week ("AFW"), which he describes as a "domestic nonprofit corporation" located in Austin, Texas; (2) Matthew D. Swinney, who appears to be AFW's "registered agent/director" and is located in Austin, Texas; (3) Henning Schmidt, Esq., an attorney employed by the law firm of Stradling Yocca Carlson & Rauth LLP, and who is located in Austin, Texas; and (4) the law firm of Stradling Yocca Carlson & Rauth LLP, located in Austin, Texas.[1] (*Id.* at 4.)

For the following reasons, the Court transfers this action to the United States District Court for the Western District of Texas.

---

[1] The Court notes that, in addition to his complaint (ECF 1) and *in forma pauperis* application (ECF 2), Plaintiff has filed an application for a temporary restraining order and a preliminary injunction (ECF 4) and a declaration (ECF 5).

## DISCUSSION

The applicable venue provision for Plaintiff's claims is found at 28 U.S.C. § 1391(b).

Under that provision, unless otherwise provided by law, a federal civil action must be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question.[2] § 1391(c)(1), (2).

Plaintiff alleges that Swinney is an American citizen, but does not specify where Swinney resides. (ECF 1, at 3.) He also alleges that AFW, a corporation, is incorporated under the laws of the State of Texas, and has its principal place of business in Austin, Texas. (*Id.*) He does not indicate where the other named defendants reside. Thus, because all of the defendants do not appear to reside within the State of New York and, even if they did, because there is no

---

[2] With respect to a defendant that is a corporation, for venue purposes:

> in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(d).

indication that at least one of them resides within this judicial district,[3] it does not appear that this court is a proper venue for this action, under Section 1391(b)(1).

Plaintiff alleges, however, that the events that are the basis for his claims occurred in New York, New York, in this judicial district, *see* 28 U.S.C. § 112(b), in Austin, Texas, which lies within the Western District of Texas, *see* 28 U.S.C. § 124(d)(1), "and via the internet" (ECF 1, at 5). Thus, while this court may be a proper venue for this action under Section 1391(b)(2), it is clear that the United States District Court for the Western District of Texas is also a proper venue for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

---

[3] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

Transferring this action to the United States District Court for the Western District of Texas, under Section 1404(a), appears to be appropriate because: (1) all of the defendants appear to be located within the Western District of Texas; (2) a significant portion of the alleged events appear to have occurred within that judicial district; and (3) it is reasonable to expect that relevant documents and witnesses would be located within that judicial district. The United States District Court for the Western District of Texas, therefore, appears to be a more convenient forum for this action. Accordingly, in the interest of justice, the Court transfers this action to that court. *See* 28 U.S.C. § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

### CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Western District of Texas. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees (*see* ECF 2), and whether Plaintiff should be granted a temporary restraining order and a preliminary injunction (*see* ECF 4, 5), are determinations to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court waives the seven-day waiting period articulated in Local Civil Rule 83.1.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 30, 2026
         New York, New York

　　　　　　　　　　　　　　　　　/s/ Laura Taylor Swain
　　　　　　　　　　　　　　　　　LAURA TAYLOR SWAIN
　　　　　　　　　　　　　　　Chief United States District Judge